UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANET MOKRIS,

    Plaintiff,

v.                                              Case No.:  2:20-cv-34-JES-MRM

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Judicial Notice, filed on August 27, 2021.  (Doc. 36).  Defendant filed its Response to Plaintiff's Motion for Judicial Notice on September 10, 2021.  (Doc. 37).

In the motion *sub judice*, Plaintiff "requests that this Court take judicial notice of certain facts and documents," including the National Vital Statistics Report Volume 69 Number 12 United States Life Tables 2018 ("the CDC report") (Doc. 36-1) and the United States Postal Service Office of Inspector General Facility Condition Reviews – Northeast Area dated November 9, 2016 ("the Office of Inspector General report") (Doc. 36-2).  (*See* Doc. 36 at 1-2).  For the reasons explained below, the Undersigned recommends that Plaintiff's Motion for Judicial Notice be **DENIED without prejudice**.

## BACKGROUND

Plaintiff first filed her Complaint under the Federal Tort Claim Act, 28 U.S.C. § 2671 on January 15, 2020.  (Doc. 1).  On October 29, 2020, Plaintiff filed an Amended Complaint, seeking damages for injuries that she allegedly suffered after slipping at a United States Post Office located in Cape Coral, Florida.  (*See generally* Doc. 19).  Defendant denies the allegations in the operative complaint and asserts fourteen affirmative defenses.  (Doc. 20).

Plaintiff filed the instant motion on August 27, 2021.  (Doc. 36).

## THE PARTIES' ARGUMENTS

In her motion, Plaintiff "requests that this Court take judicial notice of certain facts and documents," including the CDC report and the Office of Inspector General report.  (*See* Doc. 36 at 1-2).  Plaintiff attaches a copy of both reports to her motion.  (*See* Docs. 36-1, 36-2).  In support, Plaintiff quotes Fed. R. Evid. 201(b), which allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  (Doc. 36 at 2 (quoting *Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting Fed. R. Evid. 201(b)))).  Plaintiff summarily contends that "Defendant cannot dispute these facts and the Court should take judicial notice of these documents."  (*Id.*).

In response, Defendant argues that Plaintiff's motion is due to be denied because Plaintiff (1) "fails to identify any particular facts for which she requests judicial notice or demonstrate how the documents meet the requirements of Federal Rule of Evidence 201" and (2) "makes no showing as to the relevance of the documents to this action." (Doc. 37 at 1).

In support of its first argument, Defendant asserts that Plaintiff's motion "fails to identify any facts—or even cite to a specific page containing facts—that are either generally known within the Middle District of Florida or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (*Id.* at 4). By comparing this case to *United States v. Stinson*, No. 6:14-cv-1534-Orl-22TBS, 2016 WL 8488240 (M.D. Fla. Aug. 26, 2016), Defendant argues that Plaintiff's motion is insufficient to meet the requirements of Fed. R. Evid. 201(b). (*See id.* at 4-5).

Additionally, Defendant argues that "even if [Plaintiff] were simply asking the Court to take judicial notice of a document's existence, she provides no basis for the Court to take judicial notice of the contents of either of the exhibits attached to her motion," specifically noting that courts have refused to take judicial notice of reports similar to the Office of Inspector General report. (*Id.* at 5-6 (citing *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003); *Dixon v. Georgia Dep't of Pub. Safety*, 135 F. Supp. 3d 1362, 1369 (S.D. Ga. 2015))).

In support of its second argument, Defendant asserts that a court may deny a request for judicial notice of irrelevant facts and contends that Plaintiff has failed to

3

show the relevancy of either report. (*Id.* at 6 (citing *Stinson*, 2016 WL 8488240, at *10)). Further, as to the Office of Inspector General report in particular, Defendant argues that the report is irrelevant as it discusses facility conditions in an entirely different part of the country than where the events underlying this action occurred. (*Id.* at 6-7 (citations omitted)).

## LEGAL STANDARD

Fed. R. Evid. 201(b)(2), permits the Court to take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(c)(2) states that judicial notice must be taken "if a party requests it and the court is supplied with the necessary information." Adjudicative facts are facts relevant to a determination of claims presented in a case. *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (citation omitted). The effect of judicial notice under Rule 201 is to preclude a party from introducing contrary evidence. *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). Thus, for a fact to be judicially noticed under Rule 201 it must be indisputable. *Id.* (citation omitted).

Yet, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). To that end, "[t]he Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." *Dressler v. Fla. Dep't of Educ.*,

No. 2:18-cv-311-JES-MRM, 2021 WL 3088674, at *7 (M.D. Fla. July 22, 2021) (internal citations and quotations omitted).

## ANALYSIS

Because Plaintiff requests that the Court take judicial notice of two separate documents, the Undersigned considers each in turn below.

First, Plaintiff requests that the Court take judicial notice of a CDC report. (*See* Doc. 36 at 1-2; *see also* Doc. 36-1). This report, issued by the U.S. Department of Health and Human Services Centers for Disease Control and Prevention, "presents complete period life tables for the United States by Hispanic origin, race, and sex, based on age-specific death rates in 2018." (Doc. 36-1 at 1). Beyond attaching this report to her motion, (*see* Doc. 36-1), Plaintiff makes no attempt to specify the facts for which she requests the Court take judicial notice, (*see* Doc. 36 at 1-2). Likewise, Plaintiff makes no attempt to argue the relevance of the report to the claims or defenses in this action. (*See id.*).

Upon review, the Undersigned is not persuaded that the Court should take judicial notice of the contents of the CDC report. First, because Plaintiff failed to delineate specific facts, the Undersigned finds that Plaintiff has not met her burden to show that the facts are "capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *See Stinson*, 2016 WL 8488240, at *10 (quotation omitted) (finding that the defendant had not shown that the requested facts were "not reasonably subject to dispute and [were] capable of immediate and accurate determination by resort to a source whose accuracy cannot

5

reasonably be questioned," in part, because the defendant did not delineate the specific facts supporting his summary of the document (internal quotations omitted)).

Moreover, although Plaintiff's Complaint alleges that she suffered, *inter alia*, bodily injury and resulting pain and suffering, disability, disfigurement and that the associated losses are permanent or continuing in nature, (*see* Doc. 19 at ¶ 13), Plaintiff has not made any argument as to why this report in particular is relevant to any alleged injury. Courts have denied requests for judicial notice when the identified facts are not relevant to the claims or defenses. *See Stinson*, 2016 WL 8488240, at *9 (citing *United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997), *aff'd*, 168 F.3d 505 (11th Cir. 1999)); *Kaplan v. Regions Bank*, No. 8:17-cv-2701-T-36CPT, 2019 WL 4668175, at *12 (M.D. Fla. Sept. 25, 2019) (collecting cases to support the proposition that "a court may decline to take judicial notice of facts which are irrelevant to the proceeding").

Based on these deficiencies, the Undersigned recommends that the presiding United States District Judge decline to take judicial notice of any fact(s) contained in the National Vital Statistics Report Volume 69 Number 12 United States Life Tables 2018 (Doc. 36-1) at this time.

Second, Plaintiff requests that the Court take judicial notice of an Office of Inspector General report. (*See* Doc. 36 at 1-2; *see also* Doc. 36-2). This report, issued by the United States Postal Service Office of Inspector General, discusses the results of an audit into whether "Postal Service management adhered to building maintenance, safety and security standards, and employee working condition

6

requirements at retail facilities" in the Northeast portion of the United States of America. (Doc. 36-2 at 1). Again, beyond attaching the report to her motion, (*see* Doc. 36-2), Plaintiff makes no attempt to specify the facts for which she requests the Court take judicial notice, (*see* Doc. 36 at 1-2). Likewise, Plaintiff makes no attempt to argue the relevance of the report to the claims or defenses in this action. (*See id.*).

Upon review, the Undersigned is not persuaded that the Court should take judicial notice of the contents of the Office of Inspector General report. First, because Plaintiff failed to delineate specific facts, the Undersigned finds that Plaintiff has not met her burden to show that the facts are "capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *See Stinson*, 2016 WL 8488240, at *10 (quotation omitted).

Moreover, although Plaintiff's Complaint alleges that the United States Postal Services' employees' negligence in maintaining the premises caused Plaintiff's injuries, (*see* Doc. 19 at ¶¶ 8-13), Plaintiff has not made any argument as to why this report is relevant. The Undersigned notes that this report discusses retail facilities in the Northeast portion of the country, (*see* Doc. 31-2), while the events alleged in the Complaint occurred in Cape Coral, Florida, (*see* Doc. 19). Plaintiff makes no attempt to argue why the maintenance of retail facilities in a different part of the country are relevant to whether Defendant's employees exercised reasonable care in maintaining a premises in Cape Coral, Florida. (*See* Doc. 36 at 1-2). Moreover, the report is dated November 9, 2016, a year and a half before Plaintiff's alleged injury occurred. (*Compare* Doc. 36-2, *with* Doc. 19 at ¶ 8). Again, Plaintiff makes no

attempt to argue why a report discussing the maintenance of retail facilities a year and a half before her alleged accident is relevant to whether Defendant's employees exercised reasonable care in maintaining a premises in 2018. (*See* Doc. 36 at 1-2). As noted above, courts have denied requests for judicial notice when the identified facts are not relevant to the claims or defenses. *See Stinson*, 2016 WL 8488240, at *9 (citation omitted); *Kaplan*, 2019 WL 4668175, at *12 (citations omitted).

Based on these deficiencies, the Undersigned recommends that the presiding United States District Judge decline to take judicial notice of any fact(s) contained in the United States Postal Service Office of Inspector General Facility Condition Reviews – Northeast Area dated November 9, 2016 (Doc. 36-2) at this time.

As a final matter, to the extent the motion can be construed as requesting the Court to take judicial notice of the mere existence of the reports, the Undersigned finds the motion is nonetheless due to be denied. Specifically, for the reasons set forth above, the Undersigned finds that Plaintiff has not shown the relevance of the existence of either report to the claims and defenses in this action. Accordingly, the Undersigned recommends that the presiding United States District Judge decline to take judicial notice of the existence of either the National Vital Statistics Report Volume 69 Number 12 United States Life Tables 2018 (Doc. 36-1) or United States Postal Service Office of Inspector General Facility Condition Reviews – Northeast Area dated November 9, 2016 (Doc. 36-2) at this time.

Alternatively, if the presiding United States District Judge determines that judicial notice is appropriate, the Undersigned recommends that the presiding United

8

States District Judge take judicial notice of the mere existence – rather than the contents – of the reports in light of the above findings that Plaintiff has not (1) delineated any fact(s) that she requested be judicially noticed or (2) shown the relevancy of any fact(s).  *See Marmol v. St. Jude Med. Ctr.*, 132 F. Supp. 3d 1359, 1365 (M.D. Fla. 2015) (taking judicial notice of a Food and Drug Administration document when determining a motion to dismiss but declining to take judicial notice of the documents' contents).  Such a finding is consistent with the Eleventh Circuit's caution "that judicial notice should be employed sparingly" given its nature and effect.  *See Dressler*, 2021 WL 3088674, at *7.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Judicial Notice be **DENIED without prejudice**.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 7, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

9

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties