UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANET MOKRIS,

    Plaintiff,

v.                     Case No: 2:20-cv-34-JES-MRM

UNITED STATES OF AMERICA,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motions in Limine and Memorandum of Law in Support (Doc. #63) and plaintiff's Motion in Limine "Engineer Cook No Medical Opinion" (Doc. #71). Defendant filed Responses (Docs. ## 70, 79). This is a slip-and-fall action, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, arising from plaintiff's alleged fall at a United States Postal Office. A bench trial is set for March 30, 2022. For the reasons set forth, both motions are **denied**.

**I.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the

evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 WL 4527509, at *1, at *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). "Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (cleaned up). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. "A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," Harris, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009). The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground. United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010).

"The purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury." Singh v. Caribbean Airlines Ltd., No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) (citations omitted).  However, "[t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence." Id. (citations omitted).  "When an action proceeds as a bench trial, the pretrial consideration of such motions 'weighs heavily in favor of denying the motions in limine and addressing the issues if and when they come up at trial.'" Perez v. United States, No. 8:20-CV-769-SPF, 2021 WL 3371498, at *2 (M.D. Fla. Aug. 3, 2021) (quoting Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009)).  "Indeed, the more prudent course of action in a bench trial is often to resolve evidentiary doubts in favor of admissibility." Id. (citing Singh, 2014 WL 4101544, at *1).

## II.

In her first motion, plaintiff seeks to exclude nine different categories of evidence.  The motion is **denied** in its entirety.

First, the Court applies the Federal Rules of Evidence. ML Healthcare Services, LLC v. Publix Super Markets, Inc., 881 F.3d 1293, 1299 (11th Cir. 2018).  Yet, other than off handed cites to

Federal Rules of Evidence 401-403 and Federal Rules of Civil Procedure 26 and 35, plaintiff only cites Florida case law.

Second, this case is proceeding to a bench trial, thus, pretrial consideration of any of plaintiff's requests weighs heavily in favor of denial.

Third, plaintiff fails to carry her burden of demonstrating what evidence she seeks to exclude, why it must be excluded pretrial, or that her requests are the proper subject of a motion in limine. The evidence sought to be excluded in requests 1, 3, 6, 8, and 9 may indeed be admissible depending on the foundation at trial. In request 4, plaintiff seeks to exclude opinions by defense experts that are not listed in their reports; however, plaintiff does not explain this request nor is the Court aware of the extent of the request.[1] In request 7, plaintiff seeks to preclude defendant from referring to a "compulsory" medical examination as an "independent" medical examination; however, plaintiff may demonstrate any purported lack of independence through cross-examination.[2]

---

[1] To the extent plaintiff's request concerns defense expert Bradley T. Cook, who is the subject of plaintiff's second motion, the Court discusses that below.

[2] Plaintiff stipulated to an independent medical examination, thus, the IME was not "compulsory." (Doc. #70-2.)

4

The Court takes a moment to discuss paragraph 2, in which plaintiff seeks to exclude "mention of health insurance, Medicare, Workers' Compensation insurance, or life insurance." Certain collateral source evidence may be inadmissible. <u>Strickler v. Walmart Stores E., LP</u>, No. 218CV781FTM38MRM, 2020 WL 4261303, at *2 (M.D. Fla. July 24, 2020), <u>reconsideration denied</u>, No. 218CV781FTM38MRM, 2020 WL 5587545 (M.D. Fla. Sept. 18, 2020) (holding a plaintiff "can only offer evidence of the discounted amounts Medicare actually paid;" however, evidence of public insurance programs, like Medicaid, is inadmissible). However, plaintiff's request, as written, is overbroad and lacks clarity. The Court is left guessing whether all these coverages are at issue or not. Plaintiff also fails to discuss the nuances of collateral source rules, including the Court's responsibility to set off certain amounts post-trial, Fla. Stat. § 768.76, what evidence is inadmissible, and whether the matter proceeding to a bench trial weighs on when the Court receives such evidence. Accordingly, request 2 is **denied**. The Court reminds counsel that a denial of a motion in limine does not mean the evidence will be admitted at trial. If an objection(s) is made to such evidence, the Court will make its determination based on the state of the record at that time.

III.

In her second motion, plaintiff seeks to preclude defendant's expert, Bradley T. Cook, from offering any medical opinion testimony.[3] (Doc. #71.) Defendant seeks to offer Cook, a biomechanical engineer, to provide testimony about whether the mechanics of plaintiff's fall could result in her alleged injury. Plaintiff argues that Cook "is not a medical doctor and therefore cannot offer any opinions on medical issues including causation as to Plaintiff's injuries." (Id.) Notably, Plaintiff cites no legal authority at all.

To the extent plaintiff is challenging Cook's qualifications to provide an opinion about whether the mechanics of plaintiff's fall could result in her alleged injury, Cook, based on the CV attached to his report (Doc. #71-1, p. 7), is qualified to do so. Cook's background as a bio-medical engineer demonstrates that he is qualified to provide testimony about whether the mechanics of plaintiff's fall could result in her alleged injury. E.g., Bostick v. State Farm Mut. Auto. Ins. Co., 314 F. Supp. 3d 1265, 1276 (M.D.

---

[3] Again, this case is set for a bench trial which diminishes the need for a pretrial consideration of plaintiff's motion. See, e.g., Metro. Life Ins. Co. v. Liebowitz, No. 2:20-CV-276-JES-MRM, 2021 WL 4244210, at *3 (M.D. Fla. Sept. 17, 2021) (citing cases) (discussing how a judge need not necessarily conduct a Daubert hearing or strike testimony prior to a bench trial because the judge may make final admissibility and weight determinations after receiving the testimony).

Fla. 2018), aff'd, 774 F. App'x 600 (11th Cir. 2019) (quotation omitted) ("it is well-established in the case law that biomechanical engineers...are qualified to testify about how forces may affect or injure an individual); Robinson v. Lambert, No. 615CV1896ORL22LRH, 2019 WL 7971852, at *6 (M.D. Fla. Dec. 18, 2019) (denying motion to exclude bio-medical engineer). Plaintiff's motion is **denied**.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motions is Limine (Doc. #63) are **DENIED**.
2. Plaintiff's Motion in Limine Engineer Cook No Medical Opinion (Doc. #71) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this  11th  day of March, 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record